**GONZALEZ v. WAGNER et al.**
**Civ. A. No. 2079.**

District Court, S. D. Texas,
Houston Division.

Feb. 18, 1946.

Edgar C. Soule, of Houston, Tex., for plaintiff.

Aaron Goldfarb, of Houston, Tex., for defendants.

KENNERLY, District Judge.

Plaintiff, M. Taush Gonzalez (for brevity called Gonzalez), brings this suit under and stands upon the statutes of the United States respecting suits against Consuls and Vice-Consuls of foreign countries (Subdivision 18, Section 41, Title 28 U.S.C.A.,[1] and Subdivision 8 of Section 371, Title 28 U.S.C.A.[2]). He alleges that he is a citizen of the Republic of Mexico and is "Chancellor and Acting Vice Consul and on occasion Acting Consul" of the Republic of Mexico at Houston, in this District and Division. He seeks to enjoin the enforcement of an Agreed Judgment entered against him and in favor of defendant Manuel Wagner (for brevity called Wagner) in a Texas justice court for the possession of premises in Houston occupied by him (with his family) as a tenant. He sues Wagner and the officer of such court.

This is a hearing of Gonzalez's application for Restraining Order and Preliminary Injunction.

The evidence shows that Joel Quinones is Consul for the Republic of Mexico at Houston, and has been since November 1945. That when Quinones arrived in Houston to take charge as Consul, he found Gonzalez, who is "Chancellor" of the first class, acting as Consul. That Gonzalez has been since and still is Chancellor of the first class and acts as Vice-Consul and/or Consul in the absence of the Consul Quinones, but is neither Vice-Consul nor Consul. That Consul Quinones is frequently absent from Houston, and was absent much of the month of January 1946, and was absent at the time the suit in which the judgment was rendered was filed in the justice court of Precinct No. 1, Harris County, Texas, on January 2, 1946.

There seems to be a rumor that Gonzalez may be appointed or may have been appointed Vice-Consul, but there is no evidence to sustain such rumor. Quinones seems to think that such appointment has not been made or has not "come through" because of a change in the personnel of the Foreign Minister of Mexico.

There is no claim nor evidence that the Republic of Mexico was in any way interested in the premises in question, nor in the controversy between Gonzalez and

---

[1] Section 41, Subdivision 18, Title 28 U.S.C.A., fixing the jurisdiction of the District Courts of the United States, is as follows:

"The district courts shall have original jurisdiction as follows:

\* \* \* \* \* \* \*

"Of all suits against consuls and vice consuls."

[2] Subdivision 8 of Section 371, Title 28 U.S.C.A., is as follows (italics mine):

"The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be *exclusive* of the courts of the several States:

\* \* \* \* \* \* \*

"Of all suits and proceedings against ambassadors, or other public ministers, or their domestics, or domestic servants, or against consuls or vice consuls."

Wagner over the possession thereof. Gonzalez did not disclose to such Justice Court his official position nor claim immunity from suit there. The judgment complained of (shown in the. margin[3]) was entered by agreement of Gonzalez and Wagner in such court in a suit in Forcible Entry and Detainer under the Texas Statute (Title 64, Vernon's Annotated Texas Statutes), under which such courts are given jurisdiction of such suits. No appeal has been prosecuted from such judgment, and it is final.

1. It is extremely doubtful whether Subdivision 18, Section 41, Title 28 U.S.C.A., and Section 371, Title 28 U.S.C.A., give immunity from suits in the state court to persons who are neither Consuls nor Vice-Consuls, but are only acting Consuls. But whether Gonzalez is a Consul, a Vice-Consul, or a Chancellor of the first class acting as Consul or Vice-Consul, it is perfectly plain that not having plead immunity from suits in the State Court, and having submitted himself to the jurisdiction of the State Court, and having agreed that this judgment should be rendered and entered against him, he has waived immunity, if any immunity he had or has, and has no standing in this Court to enjoin the execution or enforcement of the judgment. The contention that only the Republic of Mexico can waive such immunity is under the facts here not meritorious.

Gonzalez's Petition for Restraining Order and for Preliminary Injunction will be denied. Let suitable order be drawn and presented.

---

[3] Such Judgment is as follows:

"No. 8839. Manuel Wagner, Plaintiff, v. M. Taush Gonzales, Defendant. In the Justice Court in and for Precinct Number 1, Harris County, Texas.

"On this 14th day of January, 1946, came on to be heard the above entitled and numbered cause in the above mentioned Court, and no jury having been demanded, the parties, Plaintiff and Defendant, appeared in person and through their attorneys, Aaron Goldfarb, representing Plaintiff, and D. A. Fraser, representing Defendant, and advised the Court that they had agreed as follows, to-wit:

" 'That inasmuch as the Plaintiff had secured from the Office of Price Administration at Houston, Texas, a certificate authorizing Plaintiff to evict the Defendant from the premises known as the lower duplex, 1822 Rosedale Avenue, Houston, Texas, at the expiration of forty-five (45) days after November 13, 1945; and forty-five (45) days after November 13, 1945 having elapsed, the Defendant agreed that Judgment should be entered in favor of Plaintiff, but that execution of the Judgment should not be levied until February 15, 1946.'

And the Court having received and noted this agreed Judgment in open Court, it is therefore ordered, adjudged and decreed that Manuel Wagner, Plaintiff, have restitution, for which let writ issue on February 15, 1946, of the premises described in his complaint, to-wit:

Lower Duplex, 1822 Rosedale Avenue, Houston, Texas,

And further that he do have and recover from Defendant all costs of suit, for which let execution issue.

(sgd) W. C. Ragan
Justice of the Peace
Precinct Number One
Harris County, Texas."